IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| NICOLE ASHLEY BARTON,<br><br>     Plaintiff,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>          vs.<br><br><br><br>JEREMY WHITEHOUSE, an individual; INTERMOUNTAIN MILL & DESIGN, a Utah LLC; INTERMOUNTAIN MILL AND CABINET, a Utah LLC; EQUITY FIRST INVESTMENTS, a Utah LLC, and DOES 1 THROUGH 10,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER SETTING ASIDE DEFAULT, GRANTING INTERMOUNTAIN MILL AND CABINET'S MOTION FOR A MORE DEFINITE STATEMENT, DENYING PLAINTIFF'S MOTION FOR RULE 54(B) CERTIFICATION, DENYING PLAINTIFF'S MOTION FOR DEFAULT AS TO JEREMY WHITEHOUSE, AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BREACH OF FIDUCIARY DUTY AND CONVERSION<br><br><br><br><br><br>Case No. 1:10-CV-102 TS |

This matter is currently before the Court on Plaintiff's Motion for Rule 54(b) Certification and Entry of Default Judgment.[1] In response to Plaintiff's Motion, Defendant Intermountain Mill and Cabinet LLC ("IMC") challenges the validity of the Certificate of Default.[2] Also before the Court are: Defendant IMC's Motion for a More Definite Statement,[3] Plaintiff's Motion for Default Judgment as to Jeremy Whitehouse,[4] Plaintiff's Motion for Judgment under Rule 54(b) as to Jeremy Whitehouse,[5] and Plaintiff's Motion for Partial Summary Judgment as to her Breach of Fiduciary Duty and Conversion Claims against Jeremy Whitehouse.[6]

This is a case about a failed business relationship. In 2006, Plaintiff invested funds in two different entities, Intermountain Mill & Design ("IMD") and Equity First Investments. Her investment purchased an ownership share in IMD. Defendant Whitehouse also owned a portion of IMD and he managed the day-to-day affairs of that business. IMD never distributed any profits to Plaintiff, and the business ceased to exist in 2008. Around that time Whitehouse formed IMC without the participation of any of IMD members. Plaintiff has filed this action

---

[1]Docket No. 15.

[2]Docket No. 29.

[3]Docket No. 28.

[4]Docket No. 16.

[5]Docket No. 17.

[6]Docket No. 9.

against Whitehouse, IMD, IMC, and Equity First Investments. She alleges breach of fiduciary duty and good faith, fraudulent transfer, and two claims of conversion.

## I. RULE 54(b) CERTIFICATION

A.     BACKGROUND

Plaintiff filed her Complaint in June 2010.[7] Defendant Jeremy Whitehouse, acting pro se, filed an answer in August 2010 on behalf of himself and IMC.[8] On August 12, 2010, Plaintiff filed a Motion for Default Judgment as to IMC because Whitehouse, who is not an attorney, could not represent the entity. Plaintiff attached a return of service and other exhibits supporting her Motion.[9] The Clerk of the Court entered a Certificate of Default as to IMD—not IMC—on September 16, 2010.[10] The Certificate stated: "Plaintiff filed a proof of service as an exhibit to the motion for default judgment on August 12, 2010."[11] Subsequently, Plaintiff sought entry of a default judgment against IMC by filing a Motion for Rule 54(b) Certification.

In September 2010, the Court noted that no certificates of service had been filed for any of Plaintiff's Motions in this matter—including the Motion for Default Judgment as to IMC. On September 29, 2011, the Court issued an Order Directing Service and Establishing a New Briefing Schedule. Around that time Defendants Whitehouse and IMC acquired counsel.

---

[7]Docket No. 2.

[8]Docket No. 4.

[9]Docket No. 5.

[10]Docket No. 8.

[11]*Id.*

B.    DISCUSSION

Plaintiff argues that entry of default as to IMD rather than IMC was a mere clerical error and moves for Rule 54(b) certification and entry of a default judgment against IMC.  IMC opposes the Motion, challenges the legitimacy of the default, and states that it is prepared to litigate this matter on its merits.

Several rules from the Federal Rules of Civil Procedure are at play in this matter.  First, Rule 55(a) requires the Clerk of Court enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought . . .  fail[s] to plead or otherwise defend [itself], and that failure is shown by affidavit or otherwise."  Second, Rule 60(a) permits  a court to "correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record."  Third, Rule 55(c) states: "The Court may set aside an entry of default for good cause . . . ."  There is no requirement in Rule 55(c) that the parties first move for the default to be set aside prior to a Court's setting aside the default.  Fourth, Rule 54(b) permits a court to direct entry of a final judgment when claims against one party are decided but other parties continue to litigate the matter.  However, the Court may enter judgment "only if [it] expressly determines that there is no just reason to delay."  In addition to the above referenced rules, the Court also takes into consideration the strong preference of the federal courts to permit claims to be litigated on their merits whenever possible.[12]

---

[12]*E.g.*, *In re Rains v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) ("[S]trong policies favor resolution of disputes on their merits: '[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.'" (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970))).

In seeking Rule 54(b) certification, Plaintiff argues that entry of final judgment at this time is imperative because of the potential loss to Plaintiff if IMC continues to be mismanaged.

In opposing the Motion for Rule 54(b) Certification, IMC makes three arguments: entry of default was improper because IMC was not served with a Motion for Default, certification would be improper because the other defendants in this action continue to argue similar claims, and IMC is now prepared to litigate this matter on the merits. Plaintiff did not file a reply memorandum responding to IMC's arguments.

The Court denies the Motion for Rule 54(b) certification. Plaintiff has not demonstrated that "there is no just reason for delay." Indeed, there are several reasons to delay entering a final judgment against IMC, namely the questionable validity of the Certificate of Default and the fact that IMC is now prepared to litigate this matter on the merits.

Additionally, the Court hereby sets aside the Default in this matter because it was entered against the wrong party, there is no showing that IMC was served with the Motion for Default before the Default was entered, and IMC is now prepared to litigate this matter on its merits.

Under Rule 55(c) the Court may set aside the entry of default for good cause. The rule does not require a motion prior to the Court's setting aside the default. IMC does not expressly move to set aside the default, but this is likely because it did not want to admit it was in default while there was a discrepancy in the docket. Still, two of IMC's arguments against Rule 54(b) certification more directly support setting aside the default than opposing Rule 54(b) certification, namely: that entry of default was improper and IMC is now prepared to litigate this matter on the merits.

Good cause exists to set aside the default. Whitehouse attempted to respond for IMC, but did not due to a procedural rule. More importantly, IMC claims, and Plaintiff does not contest, that it was not served with the original Motion for Default Judgment or a motion for default. Soon after the entry of default, IMC obtained representation and is now prepared to litigate this matter on the merits. Given these facts and the strong preference of having matters resolved on their merits, the Court sets aside the Default.

## II. REQUEST FOR A MORE DEFINITE STATEMENT

Defendant IMC has moved for an order requiring that Plaintiff file a more definite statement by amending her Complaint to (1) identify which claims are asserted against IMC and which are asserted against Whitehouse, (2) specify which actions give rise for claims against IMC and Whitehouse, and (3) specify in the prayer for relief the precise nature of the relief sought against IMC and Whitehouse.[13]

FED.R.CIV.P. 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

---

[13]Docket No. 28.

"A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[14]

Plaintiff opposes the Motion for a More Definite Statement on multiple grounds. First and foremost, she argues that IMC is barred from bringing the Motion because a certificate of default had been entered against it at the time the Motion was filed. Second, she argues that "Whitehouse did not make a distinction between the entities when doing business with Plaintiff and it is unclear which entity he represented at what time."[15] Thus, she concludes, one of the primary purposes of discovery in this matter "is to determine where IMC ends and Jeremy Whitehouse begins, so that Plaintiff may accurately show liability in both, or each as appropriate."[16]

The Court disagrees with Plaintiff's argument that IMC is barred from filing the Motion. It is true that entry of default precludes a party from litigating a matter on its merits.[17] However, IMC was not precluded from filing its Motion because of the ambiguity caused by the Certificate of Default being entered against IMD. Additionally, considering the Motion at this time will permit the case to move forward in a timely manner. In contrast, denying the motion due to

---

[14]*Creamer v. Ellis Co. Sheriff Dept.*, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) (citations omitted).

[15]Docket No. 35, at 3.

[16]*Id.*

[17]*Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1119 n.3 (10th Cir. 2003) (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002)).

standing issues would result in the Motion being re-filed and re-briefed after the Default is set aside.

Plaintiff's Complaint contains four causes of action: breach of fiduciary duty, fraudulent transfer, and two claims of conversion. IMC is not discussed by name anywhere in the first two causes of action. In laying out these claims, Plaintiff uses both terms "defendant" and "defendants," but often fails to state which defendants each cause of action refers to. Specifically, she alleges that Defendants made a representation which Plaintiff relied on, that Defendants violated the Utah Uniform Fraudulent Transfer Act when "it transferred equity interest from IMD to Equity First Investment," that "Defendants retained possession of Plaintiff's distribution assets and interest in IMD prior to and upon its transfer," and "Defendants fraudulently transferred shareholder interest from [a buyout] . . . without the knowledge of Plaintiff." The use of the singular and plural combined with the failure to name specific defendants makes it unreasonable to expect IMC to respond to the first and second causes of action.

The third cause of action alleges conversion. It does specifically discuss IMC in stating that Whitehouse created IMC and named himself the sole owner. It further alleges that Whitehouse  fraudulently transferred all of IMD's assets to IMC with the intent of depriving Plaintiff of her ownership interest in the assets. The cause of action also alleges that IMD and IMC have made substantial sums of money but that Plaintiff has never received a dividend or disbursement from IMD or IMC. Plaintiff claims that Whitehouse has used funds from IMD and IMC to purchase personal property such as boats, and that Whitehouse has transferred ownership

of the property to family or friends to hide the assets from Plaintiff. This cause of action is sufficiently plead to allow IMC to respond to the claims asserted against it.

The fourth cause of action alleges conversion and deals with a loan by Plaintiff to Whitehouse through Defendant Equity First Investments. IMC is not mentioned in this cause of action and neither is the generic use of the term "Defendants." Thus, this cause of action also is sufficiently plead.

Plaintiff's prayer for relief seeks injunctive and monetary relief. Of the twelve paragraphs, only one mentions IMC by name. It prays that the Court "[g]rant plaintiff full ownership and control of IMD, IMC, EFI and any other business entity that may be connected to the ownership and operation of IMD . . . ." It is unclear which other items seek relief from IMC and what extent of liability plaintiff seeks from IMC. The Prayer of Relief should be modified to clarify these issues.

In sum, the vagueness of the first and second causes of action and of the prayer for relief makes it unreasonable for IMC to respond to the Complaint. The Court finds that additional discovery is not necessary for Plaintiff to clarify whom she refers to when she uses the terms "Defendant" and "Defendants." Neither is discovery necessary for Plaintiff to allege, in her prayer for relief, the extent of IMC's liability. Thus, the Court grants IMC's Motion for a More Definite Statement, and orders that Plaintiff file an amended complaint resolving the ambiguities within twenty-one days of this Order.

III. MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT AS TO WHITEHOUSE

Plaintiff filed Motions for Default and Default Judgment as to Whitehouse due to Whitehouse's lack of response to Plaintiff's Motion for Summary Judgment. These Motions must be denied because Whitehouse filed a timely response to the Motion for Summary Judgment.[18]

Under the local rules in effect at the time, Whitehouse had thirty days after being served to file a response to the Motion.[19] Plaintiff filed her Motion for Partial Summary Judgment as to Whitehouse on August 20, 2010. Plaintiff then filed her Motions for Default and Default Judgment on September 10, 2010— twenty-one days after filing the Motion for Partial Summary Judgment. Furthermore, Plaintiff did not serve Whitehouse with the Motion for Partial Summary Judgment until September 22, 2010.[20] In a separate Order, the Court granted an extension for Whitehouse to file his Memorandum in Opposition.[21] Whitehouse filed his Memorandum in Opposition on the date it was due, November 15, 2010.[22] Consequently, the response was timely and Plaintiff's Motions for Default and Default Judgment are denied.

_____

[18]Defendant Whitehouse has not responded to the Motion. The Court does not address the issue of whether a motion for default is appropriate due to a failure to respond to a motion for summary judgment.

[19]DUCiv-R 7-1(b)(4).

[20]Docket No. 25.

[21]Docket No. 31.

[22]Docket No. 32.

IV. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for summary judgment on her claims against Whitehouse for breach of

fiduciary duty and conversion. The Court denies the Motion because disputes of material fact are

present.

A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine

issue of material fact and it is entitled to judgment as a matter of law.[23] In considering whether a

genuine issue of material fact exists, the Court determines whether a reasonable jury could return

a verdict for the nonmoving party in the face of all the evidence presented.[24] The Court is

required to construe all facts and reasonable inferences in the light most favorable to the

nonmoving party.[25] Both movants and nonmovants of summary judgment motions must support

their assertions by "citing to particular parts of materials in the record" or "showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse

party cannot produce admissible evidence to support the fact."[26] "An affidavit or declaration

used to support or oppose a motion [for summary judgment] must be made on personal

---

[23]FED. R. CIV. P. 56(a).

[24]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[25]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[26]FED. R. CIV. P. 56(c)(1).

knowledge, [and] set out facts that would be admissible in evidence . . . ."[27]  If a party "fails to

properly address another party's assertion of fact as required by Rule 56(c), the court may . . .

grant summary judgment if the motion and supporting materials . . . show that the movant is

entitled to it . . . ."[28]

## B.      DISCUSSION

Plaintiff argues that summary judgment is appropriate on her breach of fiduciary duty

claim because Whitehouse had unilateral control of the companies at issue.  She argues that

summary judgment is appropriate on her conversion claim because Whitehouse failed to make a

timely distribution of profits at the beginning of each year.

There are clear disputes of material fact that preclude the Court from granting Plaintiff's

Motion for Partial Summary Judgment.  Plaintiff's claims allege that Whitehouse misused funds

she invested in IMD in such a way as to constitute a violation of fiduciary duties and conversion.

Whitehouse, both in his Answer and his Declaration attached as an exhibit to his Memorandum

in Opposition,[29] claims that he did not misuse IMD's funds and that Plaintiff was never paid an

annual share of IMD's profits because the company operated at a loss.[30]  The parties thus dispute

whether Whitehouse misused IMD's funds and acted tortiously in not paying profits to Plaintiff.

---

[27]*Id.* at 56(c)(4).

[28]*Id.* at 56(e).

[29]Docket No. 32, Ex. A.

[30]*Id.* at 3-4; Docket No. 4, at 4-5.

# VI.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Rule 54(b) Certification (Docket No. 15) is

DENIED.  It is further

ORDERED that the Entry of Default Certificate in this matter (Docket No. 8) is SET

ASIDE.  It is further

ORDERED that IMC's Motion for a more Definite Statement (Docket No. 28) is

GRANTED.  Plaintiff shall file an amended complaint within twenty-one days of this Order.  It is

further

ORDERED that Plaintiff's Motion for Default as to Jeremy Whitehouse (Docket No. 16)

is DENIED.  It is further

ORDERED that Plaintiff's Motion for Default Judgment under Rule 54(b) as to Jeremy

Whitehouse (Docket No. 17) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgment as to Breach of

Fiduciary Duty and Conversion Claims against Jeremy Whitehouse (Docket No. 9) is DENIED.

DATED   February 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge